People v Gonzalez (2020 NY Slip Op 05092)





People v Gonzalez


2020 NY Slip Op 05092


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

110237

[*1]The People of the State of New York, Respondent,
v
Irwing Gonzalez, Also Known as Pri, Appellant.

Calendar Date: September 4, 2020

Before: Lynch, J.P., Clark, Mulvey, Pritzker and Colangelo, JJ.


A



Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered July 7, 2017, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the second degree.
In full satisfaction of a 15-count indictment charging him with numerous drug-related crimes, defendant agreed to plead guilty to one count of criminal sale of a controlled substance in the second degree with the understanding that he would be sentenced to a prison term of eight years followed by five years of postrelease supervision — with a recommendation that he be allowed to participate in a shock incarceration program. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court imposed the contemplated sentence. Defendant appeals.
The People, citing People v Thomas (34 NY3d 545 [2019]), concede that defendant's waiver of the right to appeal is invalid and, therefore, his challenge to the severity of the sentence imposed is not precluded. That said, defendant was afforded a favorable resolution to an indictment charging him with multiple, drug-related felonies, and he agreed to the sentence imposed (see People v Goldwire, 168 AD3d 1286, 1286 [2019], lv denied 33 NY3d 976 [2019]), which was less than the statutory maximum (see Penal Law §§ 70.71 [2] [b] [ii]; 220.41 [1]). We therefore find no extraordinary circumstances or abuse of discretion warranting a reduction of the agreed-upon sentence in the interest of justice (see People v Gresham, 163 AD3d 1064, 1065 [2018]) — notwithstanding defendant's lack of a prior criminal history. Accordingly, the judgment of conviction is affirmed.
Lynch, J.P., Clark, Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.