People v Gervasio (2021 NY Slip Op 00455)





People v Gervasio


2021 NY Slip Op 00455


Decided on January 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

110574

[*1]The People of the State of New York, Respondent,
v
Kevin P. Gervasio, Appellant.

Calendar Date: January 4, 2021

Before: Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered June 22, 2018, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.
In full satisfaction of a two-count indictment and other pending charges, defendant agreed to plead guilty to one count of grand larceny in the fourth degree with the understanding that he would be sentenced to a prison term of 1½ to 3 years. The plea agreement also required defendant to waive his right to appeal. Following defendant's guilty plea, the matter was adjourned for sentencing. Although defendant was arrested on other charges while on bail awaiting sentencing, County Court nonetheless imposed the agreed-upon term of imprisonment. This appeal ensued.
We agree with defendant that his waiver of the right to appeal was invalid. The written waiver at issue here was "intended to be as broad as the law allows" and purported to "encompass[] all issues arising from this criminal proceeding." Although we have excused overly-broad written waivers where the court's oral colloquy with the defendant "still permit[ted] the conclusion that the counseled defendant understood the distinction that some appellate review survived" (People v Thomas, 34 NY3d 545, 561 [2019]; see People v Brunson, 185 AD3d 1300, 1300 n [2020], lv denied 36 NY3d 928 [2020]; People v Martin, 179 AD3d 1385, 1386 [2020]), County Court's terse discussion of defendant's appellate rights fell short of drawing that distinction. Accordingly, defendant's challenge to the severity of the sentence imposed is not precluded. However, as defendant received the minimum sentence that could be imposed given his status as a second felony offender (see Penal Law § 70.06 [3] [e]; [4] [b]), his claim that such sentence is harsh and excessive must fail (see People v Heverly, 165 AD3d 1320, 1321 [2018], lv denied 32 NY3d 1112 [2018]).
Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.