People v Deming (2021 NY Slip Op 00458)





People v Deming


2021 NY Slip Op 00458


Decided on January 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

110997

[*1]The People of the State of New York, Respondent,
v
Daniel D. Deming, Appellant.

Calendar Date: January 4, 2021

Before: Egan Jr., J.P., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered September 6, 2018, convicting defendant upon his plea of guilty of the crime of robbery in the third degree (two counts).
Defendant waived indictment and agreed to be prosecuted pursuant to two superior court informations — each charging him with one count of robbery in the third degree. The People extended a plea offer whereby defendant would plead guilty to the charged crimes with the understanding that he would be sentenced — as a second felony offender — to a prison term of 2½ to 5 years upon each conviction, said sentences to be served consecutively. The plea agreement also required defendant to waive his right to appeal, and County Court agreed to recommend defendant for participation in a shock incarceration program. Defendant pleaded guilty in conformity with the agreement, and the matter was adjourned for sentencing. Following an additional adjournment to afford defendant the opportunity to file a motion to withdraw his plea, which he ultimately elected not to do, defendant again pleaded guilty (at the People's request) to the charged crimes, and County Court imposed the contemplated terms of imprisonment. This appeal ensued.
The People concede that defendant's waiver of the right to appeal is invalid, as the written waiver runs afoul of People v Thomas (34 NY3d 545 [2019]), and County Court's brief oral colloquy with defendant was — in our view — insufficient to "permit[] the conclusion that the counseled defendant understood the distinction that some appellate review survived" (id. at 561; see People v Brunson, 185 AD3d 1300, 1300 n [2020], lv denied 36 NY3d 928 [2020]; People v Martin, 179 AD3d 1385, 1386 [2020]). Accordingly, defendant's challenge to the perceived severity of his sentence is not precluded (see People v Gonzalez, 186 AD3d 1832, 1832 [2020]). That said, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the agreed-upon sentence imposed (see People v Burnell, 183 AD3d 931, 932 [2020], lv denied 35 NY3d 1043 [2020]; People v Cook, 171 AD3d 1361, 1361-1362 [2019]). Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.