People v Smith (2021 NY Slip Op 02021)





People v Smith


2021 NY Slip Op 02021


Decided on April 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 1, 2021

109752

[*1]The People of the State of New York, Respondent,
v
Afreka S. Smith, Appellant.

Calendar Date: March 5, 2021

Before: Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging her with one count of possessing an obscene sexual performance by a child. The plea agreement, which required defendant to waive her right to appeal, contemplated that defendant would plead guilty to the charged crime with the understanding that she would be sentenced to a 10-year term of probation. Defendant pleaded guilty in conformity with the agreement, and the agreed-upon probationary period was imposed. This appeal ensued.
The People, citing People v Thomas (34 NY3d 545 [2019]), concede that defendant's waiver of the right to appeal is invalid, and County Court's brief oral colloquy with defendant fails to demonstrate that defendant "understood the distinction that some appellate review survived" (id. at 561; see People v Deming, 190 AD3d 1193, 1194 [2021]; People v Brunson, 185 AD3d 1300, 1300 n [2020], lv denied 36 NY3d 928 [2020]). Accordingly, defendant's challenge to the sentence imposed by County Court is not precluded (see People v Gonzalez, 186 AD3d 1832, 1832 [2020]). That said, although defendant expressed remorse for her actions and has no prior criminal history, given the disturbing nature of the underlying crime, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the agreed-upon probationary sentence in the interest of justice (see generally People v Hatch, 165 AD3d 1321, 1322 [2018], lv denied 32 NY3d 1125 [2018]; People v Matthew NN., 156 AD3d 1119, 1120 [2017]; People v McCann, 100 AD3d 1150, 1151 [2012]).
Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.