People v Nelson (2021 NY Slip Op 04515)





People v Nelson


2021 NY Slip Op 04515


Decided on July 22, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 22, 2021

111078
[*1]The People of the State of New York, Respondent,
v
Ricky W. Nelson, Appellant.

Calendar Date:June 17, 2021

Before:Garry, P.J., Lynch, Aarons, Pritzker and Colangelo, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered June 19, 2018, convicting defendant upon his plea of guilty of the crime of possessing a sexual performance by a child (five counts).
In full satisfaction of a 23-count indictment and other potential charges, defendant agreed to plead guilty to five counts of possessing a sexual performance by a child with the understanding that he would be sentenced to a prison term of 1 to 3 years on each conviction — said sentences to run consecutively, resulting in an aggregate prison term of 5 to 15 years. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court imposed the contemplated terms of imprisonment. Defendant appeals.
The People concede, and we agree, that defendant's waiver of the right to appeal is invalid. Accordingly, defendant is not precluded from contending that the sentence imposed is harsh and excessive (see People v Gonzalez, 186 AD3d 1832, 1832 [2020]). That said, although defendant has engaged in treatment and expressed remorse for his conduct, given the nature of the crime and defendant's admittedly compulsive behavior, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the agreed-upon sentence in the interest of justice (see People v Smith, 193 AD3d 1114, 1115 [2021]). The judgment of conviction is therefore affirmed.
Garry, P.J., Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.