People v Mayeaux (2021 NY Slip Op 05051)





People v Mayeaux


2021 NY Slip Op 05051


Decided on September 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 23, 2021

112111 112112
[*1]The People of the State of New York, Respondent,
v
Jessie R. Mayeaux, Appellant.

Calendar Date:September 3, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered July 17, 2019, convicting defendant upon his plea of guilty of the crimes of attempted criminal sale of a controlled substance in the fourth degree and rape in the third degree.
Defendant waived indictment and agreed to be prosecuted pursuant to two superior court informations charging him with attempted criminal sale of a controlled substance in the fourth degree and rape in the third degree. The plea agreement contemplated that defendant would be sentenced on the rape charge to a prison term of three years, to be followed by a period of postrelease supervision (hereinafter PRS) of between 3 and 10 years, and to a determinate term of one year on the drug charge, to be followed by a one-year period of PRS, the sentences to run consecutively.[FN1] The plea agreement required a waiver of the right to appeal, and defendant executed written waivers of appeal during the plea allocution. Consistent with the terms of the agreement, defendant was sentenced to a three-year prison term on the rape conviction to be followed by 10 years of PRS, and to a consecutive one-year prison term on the drug conviction to be followed by one year of PRS. Defendant appeals.
As defendant argues, and the People concede, defendant's waivers of appeal are unenforceable as they were overbroad in suggesting that they erected an absolute bar to taking a direct appeal, and County Court's colloquy was not sufficient to cure this defect (see People v Bisono, 36 NY3d 1013, 1017 [2020]; People v Thomas, 34 NY3d 545, 561, 565-566 [2019]; People v LaPierre, 195 AD3d 1301, 1303 [2021]; People v Nichols, 194 AD3d 1114, 1116 [2021], lv denied 37 NY3d 973 [2021]; People v Gervasio, 190 AD3d 1190, 1191 [2021]). Accordingly, defendant's challenge to the severity of the aggregate sentence is not precluded (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Gervasio, 190 AD3d at 1191).
Defendant's guilty plea to rape in the third degree, which satisfied other related charges, stemmed from his conduct at age 37 in engaging in sexual intercourse on at least two occasions with a 16-year-old girl, the daughter of his friend. Although County Court imposed the maximum period of PRS (see Penal Law § 70.45 [2-a] [a]), the term of imprisonment imposed was less than the maximum authorized sentence (see Penal Law § 70.80 [4] [a] [iv]). In arguing for leniency, defendant pointed to the fact that his sexual conduct was not nonconsensual and he accepted responsibility for his actions. However, the record reflects that even after the victim's parents warned defendant to stay away from the victim and took away her cell phone to prevent them from communicating by text message, and police warned him to stay away from her, defendant provided the victim with a cell phone to facilitate their communication and again engaged her in sexual relations despite her being under the age of consent. Although defendant expressed [*2]remorse for his actions and has no known criminal history, his actions violated a position of trust and had an enduring, harmful impact on the victim and her family. With regard to defendant's drug-related conviction, which stems from his sale of a narcotic preparation (see Penal Law § 220.34 [1]), the one-year determinate sentence was lawful and less than the maximum permissible sentence (see Penal Law § 70.70 [2] [iii]). Under these facts, we decline to disturb the consecutive nature of the sentences given the separate and distinct acts underlying the rape and drug charges and find no extraordinary circumstances or abuse of discretion warranting a reduction of the agreed-upon aggregate sentence in the interest of justice (see Penal Law § 70.25 [2]; People v Smith, 193 AD3d 1114, 1115 [2021]; People v Dirschberger, 185 AD3d 1224, 1227 n [2020], lv denied 36 NY3d 1056 [2021]).
Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The one-year PRS term merges with the longer term of PRS (see Penal Law § 70.45 [5] [c]).