People v McClendon (2021 NY Slip Op 06573)





People v McClendon


2021 NY Slip Op 06573


Decided on November 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 24, 2021

108646
[*1]The People of the State of New York, Respondent,
v
James McClendon, Appellant.

Calendar Date:October 15, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Mitchell S. Kessler, Cohoes, for appellant, and appellant pro se.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered July 6, 2016 in Albany County, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree, criminal obstruction of breathing or blood circulation, assault in the third degree, endangering the welfare of a child (two counts) and coercion in the first degree.
In 2015, defendant was involved in an altercation with his then-girlfriend (hereinafter the victim) wherein he choked, struck and digitally penetrated her. The victim was eventually able to escape and call the police. Defendant, however, located the victim, told her that she "better not have called the police" and threatened to kill her. In connection with this incident, defendant was charged by indictment with sexual abuse in the first degree, criminal obstruction of breathing or blood circulation, assault in the third degree, two counts of endangering the welfare of a child and coercion in the first degree. A jury trial was held, after which defendant was convicted as charged. Defendant was sentenced, as a second violent felony offender, to a prison term of six years, to be followed by 10 years of postrelease supervision, for the conviction of sexual abuse in the first degree and to lesser concurrent terms of imprisonment for each misdemeanor conviction. Defendant was also sentenced to a prison term of 2 to 4 years for his conviction of coercion in the first degree, which was ordered to run consecutively to the other concurrent prison terms. An order of protection was also issued in favor of the victim. Defendant appeals.
Defendant first challenges his conviction of coercion in first degree as not being supported by legally sufficient evidence. As relevant here, the People were obligated to prove that defendant committed the crime of coercion in the second degree "by instilling in the victim a fear that he . . . will cause physical injury to a person or cause damage to property" (Penal Law [former § 135.65 (1)]). Under the version of the statute at the relevant time, a person is guilty of coercion in the second degree if he or she "induces a person . . . to abstain from engaging in conduct in which he or she has a legal right to engage . . . by means of instilling in him or her a fear that, if the demand is not complied with, the actor or another will [c]ause physical injury to a person" (Penal Law [former § 135.60 (1)]).
At trial, the victim testified that defendant got angry with her and then hit her on the head, slammed her to the ground and started to choke her. The victim's two youngest children heard the fight and the victim's cries and checked on the victim. Defendant told the victim to make them leave and also told the children that he would beat them if they did not leave. According to the victim, defendant continued to verbally berate her and then digitally penetrated her. After the victim's oldest child returned to the residence, defendant told the victim to go downstairs [*2]and take a shower because he wanted to have sexual intercourse.
The victim stated that she told defendant that she was going to take a shower but instead took her cell phone, tucked it in her shirt, went outside, walked down the street and called 911. The victim then spoke with the oldest child, who had called her, and informed her that she had contacted the police. As she was doing so, and walking to the location where she was to meet law enforcement, defendant ran behind her, snatched her phone and told her that she "better not have called the police." The victim testified that she denied having called the police. Defendant looked through the victim's cell phone but the call to 911 did not show in the outgoing calls. The victim stated that, as she and defendant were walking back to her residence, she did so slowly. Defendant then saw the police and, according to the victim, he remarked to her, "[You] better not." The victim testified that, as the police officers approached defendant, she slid away and informed them that defendant was going to beat her. Defendant was then taken away by the officers.
Defendant premises his legal sufficiency argument on the notion that, because the victim was able to call the police, the People failed to establish that he caused her to abstain from engaging in conduct that she was legally permitted to engage in due to fear of physical injury to her or another person. We agree. According to the count in the indictment charging defendant with coercion in the first degree, defendant compelled the victim "to abstain from utilizing her cell[]phone to call for help[] by means of instilling in her a fear that if the demand [was] not complied with, . . . defendant would cause physical injury to a person." As defendant notes, the victim left the house and, in fact, called 911 on her cell phone. The victim was questioned as to why she did not call the police from the house. In response, the victim did not testify that she did not do so due to a fear that defendant would physically harm her or her children. She instead responded that she did not try to contact the police in front of defendant because she knew he would take her phone away from her. Taking the phone away, however, does not constitute physical injury to a person. In addition, defendant's comments to the effect that the victim better not have called the police only came after she had already done so. As such, defendant's threatening remarks did not prevent her from contacting law enforcement on her cell phone.
When viewing the evidence in the light most favorable to the People, the evidence was not legally sufficient to support the conviction for coercion in the first degree (compare People v Anatriello, 161 AD3d 1383, 1385-1386 [2018], lv denied 31 NY3d 1144 [2018]). To the extent that the People rely on evidence that defendant tried to get the victim off the street as they returned to the house and tried to prevent her from rendezvousing [*3]with the police or speaking to them when they arrived, this was not the theory of the People's case. Accordingly, the count charging defendant with coercion in the first degree must be dismissed (cf. People v Singh, 109 AD3d 1010, 1012 [2013], lv denied 23 NY3d 1067 [2014]).
In view of this determination, defendant's contentions that the verdict convicting him of coercion in the first degree was against the weight of the evidence, that his counsel was ineffective for failing to request that coercion in the second degree be charged as a lesser included charge, that Supreme Court erred in directing that the sentence for coercion in the first degree run consecutively to the other imposed sentences and that the sentence was harsh and excessive, insofar as it relates to the conviction for coercion in the first degree, are academic. To the extent that defendant argues that his counsel was ineffective by failing to interview witnesses or investigate certain matters, this involves matters outside the record and are better suited for a CPL article 440 motion (see People v Delbrey, 179 AD3d 1292, 1298-1299 [2020], lv denied 35 NY3d 969 [2020]; People v Lewis, 143 AD3d 1183, 1185 [2016]). Defendant's remaining grievances with his counsel are unavailing, especially when considering that counsel made pretrial motions, gave opening and closing statements, offered proof, vigorously cross-examined witnesses and raised successful objections (see People v Bush, 184 AD3d 1003, 1009 [2020], lv denied 35 NY3d 1093 [2020]; People v Brown, 169 AD3d 1258, 1260 [2019], lv denied 33 NY3d 1029 [2019]).
Defendant's weight of the evidence argument regarding the remaining charges is without merit. As to these charges, a contrary result would not have been unreasonable had the jury believed defendant's testimony about the events at issue (see People v Barzee, 190 AD3d 1016, 1019 [2021], lv denied 36 NY3d 1094 [2021]). Nevertheless, the victim testified about the physical altercation that took place, that it occurred in front of the children and that defendant digitally penetrated her, and it was within the province of the jury to credit this testimony. When also viewing the evidence of the victim's physical injuries in a neutral light, the verdict with respect to these convictions was not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490 [1987]).
As to the claim that the sentence was harsh and excessive, insofar as it pertains to the convictions other than the one for coercion in the first degree, taking into account the violent nature of the crimes committed, defendant's criminal history and the fact that defendant expressed no remorse for his actions, we cannot say that Supreme Court abused its discretion or that extraordinary circumstances exist warranting a modification of the sentence in the interest of justice (see People v Dawson, 195 AD3d 1157, 1163 [2021]). Furthermore, although the imposed sentence was greater than what was [*4]offered in a pretrial plea offer, such mere fact does not demonstrate that defendant was punished for exercising his right to trial (see People v Cummings, 188 AD3d 1449, 1454 [2020], lv denied 36 NY3d 1096 [2021]; People v Planty, 155 AD3d 1130, 1135 [2017], lv denied 30 NY3d 1118 [2018]).
Finally, the People concede that the duration of the order of protection was incorrect. That said, based upon the determination herein and so that any jail time credit to which defendant is entitled can be considered, the matter must be remitted for Supreme Court to recalculate the expiration date for the order of protection (see People v Hodges, 66 AD3d 1228, 1233 [2009], lv denied 13 NY3d 939 [2010]).
Egan Jr., J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is modified, on the law, by reversing defendant's conviction of coercion in the first degree under count 6 of the indictment; said count dismissed, the sentence imposed thereon vacated, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.