People v Moore (2022 NY Slip Op 00338)





People v Moore


2022 NY Slip Op 00338


Decided on January 20, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 20, 2022

111095
[*1]The People of the State of New York, Respondent,
v
Joshua P. Moore, Appellant.

Calendar Date:December 16, 2021

Before:Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Chad W. Brown, District Attorney, Johnstown (Katherine Ehrlich of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Fulton County (Hoye, J.), rendered January 4, 2019, convicting defendant upon his plea of guilty of the crime of assault in the first degree.
Defendant waived indictment and pleaded guilty to a superior court information charging him with assault in the first degree and agreed to waive his right to appeal. Prior to sentencing, defendant moved to withdraw his plea, alleging, among other things, that he did not understand the consequences of pleading guilty. County Court denied the motion and subsequently sentenced defendant, a second felony offender, to the agreed-upon prison term of 12 years followed by five years of postrelease supervision. Defendant appeals.
Initially, we agree with defendant that the waiver of the right to appeal is invalid. During the plea colloquy, County Court briefly explained to defendant that the waiver of the right to appeal, which was a term of the plea agreement, meant that, upon sentencing, "it would be the end of the court proceedings connected to this case." Although defendant indicated that he understood and had no questions for the court or his counsel, there was no further discussion regarding the right to appeal. In addition, the written waiver executed by defendant contains overbroad language in that it purports to waive his appellate rights to all potential state and federal matters, as well as any collateral matters (see People v Thomas, 34 NY3d 545, 566 [2019]). The written appeal waiver also inaccurately indicates that defendant, who was on various prescription medication, was not under the influence of any drugs or medication, which "discrepancy raises a concern as to the adequacy of defendant's review and understanding of the written waiver" (People v Grainger, 199 AD3d 1070, 1071 [2021]). Given the brief oral colloquy and overbroad written waiver, which signaled a complete bar to taking an appeal, we find that defendant's waiver of the right to appeal was not knowing, voluntary and intelligent (see People v Bisono, 36 NY3d 1013, 1017-1018 [2021]; People v Hyson, 197 AD3d 1439, 1439 [2021], lv denied ___ NY3d ___ [Dec. 16, 2021]; People v Mayeaux, 197 AD3d 1443, 1444 [2021], lv denied ___ NY3d ___ [Dec. 22, 2021]; People v Mayo, 195 AD3d 1313, 1314 [2021]).
As the appeal waiver is invalid, defendant's challenge to the severity of the sentence is not foreclosed (see People v Beach, 197 AD3d 1440, 1441 [2021]; People v Mayo, 195 AD3d at 1314). Nevertheless, we are unpersuaded by defendant's contention that, given his mental health issues and disadvantaged childhood, the agreed-upon sentence is harsh or excessive. A review of the record does not reflect any abuse of discretion or extraordinary circumstances warranting a modification of the sentence in the interest of justice (see People v Fisher, 181 AD3d 1051, 1053 [2020]; People v Mitchell, 166 AD3d 1233, 1234 [2018], lv denied 33 NY3d 979 [2019]).
Defendant also contends that his guilty plea [*2]was not knowing, voluntary and intelligent because County Court did not advise him of his right to a jury trial or his privilege against self-incrimination. Such contention — which is preserved for our review given defendant's motion to withdraw his plea — is belied by the record. Although trial courts are not required to adhere to a mandatory catechism prior to accepting a defendant's plea, "there must be an affirmative showing on the record that the defendant waived his [or her] constitutional rights" (People v Tyrell, 22 NY3d 359, 365 [2013] [internal quotation marks and citations omitted]). The record reflects that the court advised defendant during the plea proceeding that, by pleading guilty, he was giving up his right "to take the case to trial" where defendant could cross-examine witnesses, "testify [himself], if [he] wanted to" and call witnesses on his behalf. The court further explained that, by pleading guilty, he is giving up his right to require the People to prove "to a jury" that he is guilty beyond a reasonable doubt. In view of the foregoing, we find that the court sufficiently apprised defendant of his rights to a jury trial and against self-incrimination and that defendant "intelligently and understandingly waived [those] constitutional rights" (People v Conceicao, 26 NY3d 375, 383 [2015]). As such, we are satisfied that defendant entered a knowing, voluntary and intelligent guilty plea (see People v Nichols, 194 AD3d 1114, 1115 [2021], lv denied 37 NY3d 973 [2021]; People v Griffin, 165 AD3d 1316, 1317 [2018]).
Garry, P.J., Lynch and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.