People v Loya (2022 NY Slip Op 02589)

People v Loya

2022 NY Slip Op 02589

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

112409
[*1]The People of the State of New York, Respondent,
v
Robert J. Loya Jr., Appellant.

Calendar Date:March 23, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Erin C. Morigerato, Albany, for appellant.
Merri Turk Lasky, Special Prosecutor, Plainview, for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered August 12, 2019, convicting defendant upon his plea of guilty of the crime of forgery in the second degree.
In full satisfaction of a 10-count indictment, defendant agreed to plead guilty to one count of forgery in the second degree with the understanding that he would be sentenced to a prison term of either 2½ to 5 years or 3 to 6 years. As defendant was on parole at the time that the underlying offense was committed, the resulting sentence would be served consecutively to defendant's undischarged parole term, and the specific sentence to be imposed depended upon whether defendant made restitution to the victim prior to sentencing. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, made the required restitution payment and thereafter was sentenced as a second felony offender to the contemplated prison term of 2½ to 5 years. This appeal ensued.
We agree with defendant that his waiver of the right to appeal is invalid, as the written waiver executed by defendant contained overbroad language purporting to encompass all potential appellate issues, and County Court's brief oral colloquy with defendant was insufficient to permit a finding that "defendant understood the distinction that some appellate review survived" (People v Smith, 193 AD3d 1114, 1115 [2021] [internal quotation marks and citation omitted]; see People v Vivona, 199 AD3d 1165, 1166 [2021]; People v Mosher, 191 AD3d 1170, 1171 [2021], lv denied 37 NY3d 959 [2021]; People v Gervasio, 190 AD3d 1190, 1190-1191 [2021]). Although defendant's challenge to the perceived severity of his sentence is therefore not precluded (see People v Gervasio, 190 AD3d at 1191), we discern no extraordinary circumstances or abuse of discretion warranting a reduction of the agreed-upon sentence imposed (see generally People v Mosher, 191 AD3d at 1171; People v Deming, 190 AD3d 1193, 1194 [2021], lv denied 36 NY3d 1119 [2021]).
As to the balance of defendant's claims, his challenge to the voluntariness of his plea is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Linear, 200 AD3d 1498, 1499 [2021], lvs denied ___ NY3d ___ [Mar. 23, 2022]; People v Haynes, 194 AD3d 1310, 1310 [2021]), and the narrow exception to the preservation requirement was not triggered here, "as defendant did not make any statements during the plea colloquy that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea" (People v Murray, 197 AD3d 1355, 1356 [2021], lv denied 38 NY3d 929 [2022]; see People v Guerrero, 194 AD3d 1258, 1260 [2021], lv denied 37 NY3d 992 [2021]). In any event, "the fact that County Court apprised defendant of his maximum potential sentencing exposure did not amount to coercion" (People v Apelles, 185 [*2]AD3d 1298, 1299 [2020] [internal quotation marks, brackets and citation omitted], lv denied 35 NY3d 1092 [2020]). To the extent that defendant's ineffective assistance of counsel claim impacts upon the voluntariness of his plea, such claim is similarly unpreserved (see People v Downs, 194 AD3d 1118, 1119 [2021], lv denied 37 NY3d 971 [2021]; People v Thompson, 193 AD3d 1186, 1187 [2021]), and defendant's assertions that counsel failed to properly investigate his case, locate potential witnesses and/or explore viable defenses involve matters outside of the record that, in turn, are more properly the subject of a CPL article 440 motion (see People v McClendon, 199 AD3d 1233, 1235 [2021]; People v McCoy, 198 AD3d 1021, 1023 [2021], lv denied 37 NY3d 1162 [2022]). Defendant's remaining arguments have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.