People v Garrick (2023 NY Slip Op 00462)

People v Garrick

2023 NY Slip Op 00462

Decided on February 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 2, 2023

111784 111785
[*1]The People of the State of New York, Respondent,
v
Michael T. Garrick, Appellant.

Calendar Date:January 6, 2023

Before: Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Rural Law Center of New York, Inc., Castleton (Keith F. Schockmel of counsel), for appellant.
Robert S. Rosborough IV, Special Prosecutor, Albany, for respondent.

Appeals (1) from a judgment of the County Court of Saratoga County (James A. Murphy, III, J.), rendered April 12, 2019, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree, and (2) from a judgment of said court, entered April 12, 2019, convicting defendant upon his plea of guilty of the crime of robbery in the third degree.
Defendant pleaded guilty to an amended superior court information charging him with grand larceny in the fourth degree and purportedly waived his right to appeal. Defendant also pleaded guilty to a separate superior court information charging him with robbery in the third degree and agreed to waive his right to appeal. Pursuant to the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of 1½ to 3 years on the grand larceny conviction and a consecutive prison term of 3 to 6 years on the robbery conviction. Defendant appeals.
We affirm. Initially, we agree with defendant that the waivers of the right to appeal are invalid. The written appeal waivers indicate that they encompass all appellate issues, and the oral colloquies failed to clarify that appellate review remained available for certain issues. As such, the record does not reflect that defendant understood the nature of the appellate waivers and, thus, they are unenforceable (see People v Loya, 204 AD3d 1255, 1256 [3d Dept 2022], lv denied 38 NY3d 1072 [2022]; People v Pompey, 203 AD3d 1411, 1412 [3d Dept 2022], lv denied 38 NY3d 1009 [2022]; People v Mayeaux, 197 AD3d 1443, 1444 [3d Dept 2021], lv denied 37 NY3d 1147 [2021]). As such, defendant's challenge to the severity of the sentences imposed is not foreclosed. We are nevertheless unpersuaded by defendant's contention that his physical, mental and emotional health, as well as his substance abuse issues, warrant a reduction of those sentences. Given the serious nature of the criminal conduct, defendant's extensive criminal history and the fact that the sentences imposed, which were less than the maximum, were agreed upon as part of the plea negotiations, the sentences are not unduly harsh or severe and, therefore, they will not be disturbed (see CPL 470.15 [6] [b]).
Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgments are affirmed.