People v Francis (2023 NY Slip Op 00695)

People v Francis

2023 NY Slip Op 00695

Decided on February 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 9, 2023

111600
[*1]The People of the State of New York, Respondent.
v
Cleveland A. Francis, Appellant.

Calendar Date:January 6, 2023

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ.

Rural Law Center of New York, Inc., Castleton (Kristin A. Bluvas of counsel), for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (John B. Latella III of counsel), for respondent.

Appeal from a judgment of the County Court of Saratoga County (James A. Murphy III, J.), rendered November 7, 2018, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the first degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of criminal sale of a controlled substance in the first degree. The plea agreement, which was in full satisfaction of other state charges and a potential federal prosecution, contemplated that defendant would plead guilty to the charged crime in exchange for a prison term of 12 years followed by five years of postrelease supervision, and defendant would be required to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, County Court imposed the agreed-upon sentence and this appeal ensued.
We affirm. The People concede — and our review of the record confirms — that the written waiver of appeal executed by defendant was overbroad in that it purported to encompass all potential appellate issues, and County Court's oral waiver colloquy was insufficient to demonstrate that "defendant understood the distinction that some appellate review survived" (People v Loya, 204 AD3d 1255, 1256 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1072 [2022]; see People v Mayeaux, 197 AD3d 1443, 1444 [3d Dept 2021], lv denied 37 NY3d 1147 [2021]). As defendant did not validly waive his right to appeal, his challenge to the perceived severity of the sentence imposed is not precluded (see People v Gervasio, 190 AD3d 1190, 1191 [3d Dept 2021]). That said, we do not find the agreed-upon sentence, which was appreciably less than the maximum term of imprisonment that defendant faced upon his conviction of a class A-1 felony (see Penal Law §§ 70.71 [2] [b] [i]; 220.43 [1]), to be unduly harsh or severe (see CPL 470.15 [6] [b]). Accordingly, the judgment of conviction is affirmed.
Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.