# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 14
The People &c.,
   Respondent,
  v.
Dakota W. Baldwin,
   Appellant.

Clea Weiss, for appellant.
Zachary Persichini, for respondent.

MEMORANDUM:

The appeal should be dismissed upon the ground that the issues presented have become moot (*see People v McLaine*, 64 NY2d 934, 934 [1985]; *see also People v Chi Fong Chen*, 100 NY2d 527, 528 [2003]).

- 1 -

WILSON, J. (concurring):

The question presented on this appeal is whether, for the past several decades, the Third Department has imposed an erroneous legal standard on criminal defendants seeking a reduction of their sentences in the interest of justice. Mr. Baldwin points to countless

- 1 -

Third Department cases, including his own, in which the Third Department employed a test requiring a showing of extraordinary circumstances or abuse of discretion for it to exercise its interest of justice jurisdiction to modify a sentence. Relying on the statutory language empowering the Appellate Division to reduce "unduly harsh or severe" sentences in the interest of justice (CPL 470.15 [6] [b]), Mr. Baldwin contends that the Third Department's test constitutes an incorrect legal standard.

Mr. Baldwin argues that the Third Department's requirement that a defendant show a clear abuse of discretion or extraordinary circumstances is contrary to both our case law and the practices of the other Appellate Division departments. In *People v Delgado*, we emphasized that the Appellate Division's "broad, plenary power to modify a sentence … may be exercised, if the interest of justice warrants, without deference to the sentencing court" (80 NY2d 780, 780 [1992]). Mr. Baldwin contends that the Third Department's standard is an outlier: it is used by no other department, and has been expressly rejected by the Fourth Department (*see eg People v Thomas*, 194 AD3d 1405, 1406 [4th Dept 2021] ["We are compelled to emphasize once again that, contrary to the People's assertion, a criminal defendant need not show extraordinary circumstances or an abuse of discretion by the sentencing court in order to obtain a sentence reduction under CPL 470.15 (6) (b)"] [internal quotations omitted]).

In *People v Epackchi* (37 NY3d 39, 43-45 [2021]), we held that even if an appellate court has couched its decision as one made in the interest of justice, if the court's practical exercise of its discretion evidences the existence of a standard, and even if that standard allows for deviation in "exceptional circumstances," we are empowered to review the

propriety of the standard. Mr. Baldwin relies on *Epackchi* for the proposition that, although our court lacks the power to modify sentences in the interest of justice, we do have the power (and obligation) to correct appellate courts that have applied an incorrect legal standard when exercising their interest of justice power, to ensure compliance with governing law and uniformity across the state.

I agree with the majority that Mr. Baldwin's appeal is moot, but believe further explanation is required to address why his appeal does not meet the mootness exception. The maximum term of Mr. Baldwin's sentence has expired. Thus, the issue of whether his sentence is excessive "may not properly be decided by this court unless it is found to be within the exception to the doctrine which permits the courts to preserve for review important and recurring issues which, by virtue of their relatively brief existence, would be rendered otherwise nonreviewable" (*Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]).

Here, however, as Mr. Baldwin himself points out, the issue is not likely to recur. The Third Department, to its great credit, apparently noticed the pendency of this appeal and the issue it raised, after which it corrected its longstanding use of the wrong standard, making repetition of the error unlikely (*see e.g. People v Sanders*, 206 AD3d 1164, 1165 [3d Dept 2022]; *People v Harris*, 206 AD3d 1454, 1461 [3d Dept 2022]; *People v Machia*, 206 AD3d 1272, 1278 [3d Dept 2022]; *People v Streater*, 207 AD3d 952, 954 [3d Dept 2022]; *People v Kimball*, 2023 WL 1824967 [3d Dept 2023]; *People v Garrick*, 181 NYS3d 471 [3d Dept 2023]). Mr. Baldwin's opening brief in our court was filed in May 2022. No Third Department case since May 2022 has used the "abuse of discretion or extraordinary circumstances" standard; each has used the "unduly harsh or severe"

standard set forth in CPL 470.15 (6) (b).  Thus, the exception to the mootness doctrine does not apply.  In a way, then, Mr. Baldwin has prevailed on the merits of his argument even though his appeal is moot.

Appeal dismissed upon the ground that the issues presented have become moot, in a memorandum. Acting Chief Judge Cannataro and Judges Rivera, Garcia, Wilson, Singas and Troutman concur, Judge Wilson in a concurring opinion.

Decided March 21, 2023