People v Tolbert (2023 NY Slip Op 01549)

People v Tolbert

2023 NY Slip Op 01549

Decided on March 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 23, 2023

112343
[*1]The People of the State of New York, Respondent,
v
Amber N. Tolbert, Appellant.

Calendar Date:February 10, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Fisher, JJ. 

Rural Law Center of New York, Inc., Castleton (Keith F. Schockmel of counsel), for appellant.
John M. Muehl, District Attorney, Cooperstown (Christopher J. Di Donna of counsel), for respondent.

Appeal from a judgment of the County Court of Otsego County (Brian D. Burns, J.), rendered December 20, 2019, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant was indicted and charged with two counts of criminal sale of a controlled substance in the third degree. In full satisfaction of that indictment, defendant agreed to plead guilty to one count of criminal sale of a controlled substance in the third degree in exchange for a prison term of five years followed by two years of postrelease supervision. The plea agreement also required defendant to waive her right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court imposed the agreed-upon sentence. This appeal ensued.
We agree with defendant that her waiver of the right to appeal is invalid. County Court's brief and generalized oral colloquy "was insufficient to establish that defendant appreciated the nature and ramifications of the waiver and understood the distinction that some appellate review nonetheless survived" (People v Ford, 210 AD3d 1142, 1142-1143 [3d Dept 2022] [internal citations omitted], lv denied 39 NY3d 1027 [2023]; see People v Loya, 204 AD3d 1255, 1256 [3d Dept 2022], lv denied 38 NY3d 1072 [2022]). Although defendant may have executed a written waiver of appeal, it was not made part of the plea proceeding and is not included in the record before us.
In light of the invalid appeal waiver, defendant's challenge to the perceived severity of her sentence is not precluded (see People v Moore, 201 AD3d 1209, 1210 [3d Dept 2022]). That said, upon reviewing the record and considering all of the relevant circumstances, we do not find that the agreed-upon sentence imposed was unduly harsh or severe (see CPL 470.15 [6] [b]). Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.