People v Lorman (2023 NY Slip Op 01550)

People v Lorman

2023 NY Slip Op 01550

Decided on March 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 23, 2023

112432
[*1]The People of the State of New York, Respondent,
v
James A. Lorman, Appellant.

Calendar Date:February 10, 2023

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and McShan, JJ.

Rural Law Center of New York, Inc., Castleton (Kristin A. Bluvas of counsel), for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (John B. Latella III of counsel), for respondent.

Appeal from a judgment of the County Court of Saratoga County (James A. Murphy III, J.), rendered December 6, 2019, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree.
Defendant was indicted and charged with two counts of criminal sexual act in the first degree and one count of sexual abuse in the first degree. The charges stemmed from an incident that occurred in February 2019 when defendant, while on parole, forcibly compelled the victim to engage in oral sex. Following an unsuccessful Wade/Huntley hearing, defendant agreed to plead guilty — in full satisfaction of the indictment — to one count of criminal sexual act in the first degree with the understanding that he would be sentenced to a prison term of 16 years followed by a period of postrelease supervision ranging from 10 to 25 years (to be determined by County Court) — said sentence to run consecutively to defendant's undischarged parole term. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the agreement, and County Court thereafter sentenced defendant to the agreed-upon term of imprisonment followed by 25 years of postrelease supervision. This appeal ensued.
The People concede — and our review of the record confirms — that defendant's waiver of the right to appeal is invalid, as the written waiver executed by defendant purports to erect an absolute bar to taking a direct appeal, and County Court's terse oral explanation of the waiver failed to convey the nature or ramifications thereof and otherwise neglected to ensure that defendant understood that some appellate review survived (see People v Pompey, 203 AD3d 1411, 1412 [3d Dept 2022], lv denied 38 NY3d 1009 [2022]; People v Mayeaux, 197 AD3d 1443, 1444 [3d Dept 2021], lv denied 37 NY3d 1147 [2021]). Accordingly, defendant's challenge to the sentence imposed is not precluded (see People v Loya, 204 AD3d 1255, 1256 [3d Dept 2022], lv denied 38 NY3d 1072 [2022]). That said, upon considering all of the relevant circumstances, including defendant's extensive criminal history and the nature of the underlying crime, we do not find either the negotiated term of imprisonment nor the period of postrelease supervision imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]), and we decline defendant's invitation to reduce his sentence in the interest of justice (see CPL 470.15 [3] [c]). Accordingly, the judgment of conviction is affirmed.
Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.