People v Elston (2023 NY Slip Op 03512)

People v Elston

2023 NY Slip Op 03512

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

112365 112366
[*1]The People of the State of New York, Respondent,
v
Jaredd M. Elston, Appellant.

Calendar Date:May 26, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (John B. Latella III of counsel), for respondent.

Appeals (1) from a judgment of the County Court of Saratoga County (James A. Murphy III, J.), rendered March 11, 2020, convicting defendant upon his plea of guilty of the crime of assault in the second degree, and (2) from a judgment of said court, rendered March 11, 2020, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
Defendant waived indictment and agreed to be prosecuted by two superior court informations (hereinafter SCI) charging him with assault in the second degree.[FN1] The charges stem from defendant's actions in November 2016 in repeatedly punching his girlfriend in the face, causing a fracture to her left eye orbital floor requiring multiple surgeries, and then stealing her car. Later the same day, defendant pointed a pistol at his brother and then struck him in the face and mouth with the pistol, threatening to shoot him, causing the loss of teeth and other injuries. The plea agreement, which satisfied all potential charges related to these incidents, contemplated that defendant would enter guilty pleas to both SCI charges and waive his right to appeal, in exchange for a prison term of five years on each count, to be served consecutively, to be followed by 1½ to 3 years of postrelease supervision (hereinafter PRS).[FN2] Defendant pleaded guilty in conformity with the plea agreement and executed written waivers of appeal. County Court imposed the agreed-upon consecutive sentences, issued orders of protection and ordered restitution, and this appeal ensued.
We affirm. Initially, as the People concede and our review of the record confirms, the written waivers of appeal were overly broad in that they purported to encompass all potential appellate issues, and County Court's brief colloquy was not sufficient to establish that defendant understood that some appellate issues survive (see People v Francis, 213 AD3d 1031, 1032 [3d Dept 2023], lv denied ___ NY3d ___ [May 3, 2023]; People v Loya, 204 AD3d 1255, 1256 [3d Dept 2022], lv denied 38 NY3d 1072 [2022]; People v Mayeaux, 197 AD3d 1443, 1444 [3d Dept 2021], lv denied 37 NY3d 1147 [2021]). Accordingly, as defendant did not validly waive his right to appeal, his challenge to the perceived severity of the aggregate sentence is not precluded (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Francis, 213 AD3d at 1032).
However, we do not find that the agreed-upon aggregate sentence, which satisfied other serious charges and was less than the potential 14-year aggregate sentence had he been convicted of these violent felonies after trial (see Penal Law § 70.02 [1] [c]; [2] [b]; [3] [c]), was unduly harsh or severe (see CPL 470.15 [6] [b]). To that end, just months after being released from a prison in Florida, where he had a significant criminal history, defendant, a martial arts competitor, committed separate, violent assaults against two victims that seriously injured and traumatized them, supporting the imposition of consecutive sentences (see Penal [*2]Law § 70.25 [1], [2]). Under these circumstances, we decline defendant's request to reduce the sentence in the interest of justice (see CPL 470.15 [3] [c]). Finally, as to the imposition of a lawful three-year period of PRS upon each conviction, although County Court attempted to impose them consecutively, they merge by operation of law and no corrective action is necessary (see Penal Law § 70.45 [2] [e]; [5] [c]; People v Thorpe, 141 AD3d 927, 928 n 1 [3d Dept 2016], lv denied 28 NY3d 1031 [2016]; People v Passino, 104 AD3d 1060, 1061 [3d Dept 2013], lv denied 22 NY3d 1157 [2014]).
Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgments are affirmed.

Footnotes

Footnote 1: A weapons charge originally included in the SCI related to defendant's brother was removed prior to the plea allocution.

Footnote 2: Although, initially, the promised period of PRS was five years, County Court thereafter clarified that this was not permissible for these convictions and that the permitted period of PRS would be between 1½ and 3 years.