People v Rhodes (2025 NY Slip Op 03104)

People v Rhodes

2025 NY Slip Op 03104

Decided on May 22, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 22, 2025

112752
[*1]The People of the State of New York, Respondent,
v
Craig E. Rhodes, Appellant.

Calendar Date:April 18, 2025

Before:Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
Michael J. Poulin, District Attorney, Johnstown (Chelsea G. Jory of counsel), for respondent.

Appeal from a judgment of the County Court of Fulton County (Polly Hoye, J.), rendered August 7, 2020, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In June 2020, defendant pleaded guilty to a single count of criminal sale of a controlled substance in the third degree in full satisfaction of a multicount indictment charging various drug-related offenses. As a condition of this negotiated plea agreement, defendant was required to waive his right to appeal and, therefore, purported to do so both orally and in a written waiver. County Court thereafter sentenced defendant, as a second felony offender, to a prison term of five years, to be followed by three years postrelease supervision, in accordance with the terms of the plea agreement. The court also directed that defendant participate in the Comprehensive Alcohol and Substance Abuse Treatment program during his incarceration and that, upon successful completion of that program, he would serve the balance of his prison term and postrelease supervision as administered by the Board of Parole. Defendant appeals.
Initially, we agree that the waiver of the right to appeal executed by defendant is invalid. The written waiver utilized here is identical to that in People v Moore (201 AD3d 1209, 1211 [3d Dept 2022]) and, as this Court indicated therein, contains overbroad language claiming that defendant was agreeing to waive his appellate rights to all potential state and federal matters as well as any collateral relief (see People v Thomas, 34 NY3d 545, 566 [2019]). County Court's brief oral colloquy did not remedy this defect to ensure that defendant understood that some appellate review survived (see People v Guilianelle, 233 AD3d 1179, 1180 [3d Dept 2024]; People v Arthur, 228 AD3d 1133, 1133-1134 [3d Dept 2024], lv denied 42 NY3d 969 [2024]). In light of this invalid appeal waiver, defendant's challenge to the severity of his sentence is not precluded (see People v Loadholt, 234 AD3d 1188, 1189 [3d Dept 2025]). Nevertheless, we do not find the imposition of the agreed-upon sentence to have been unduly harsh or severe considering defendant's lengthy criminal history, which includes multiple drug-related convictions (see CPL 470.15 [6] [b]; People v Guy, 233 AD3d 1352, 1358 [3d Dept 2024]).[FN1]
Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant claims that he was not permitted to participate in the Comprehensive Alcohol and Substance Abuse Treatment program while incarcerated because he was not housed in a facility that offered the program. Therefore, defendant asks this Court to reduce his term of incarceration to allow him to begin a residential treatment program while under parole supervision. As the Department of Corrections and Community Supervision indicates that defendant is currently on conditional release (see Dept of Corrections and Community Supervision Incarcerated Lookup, http://nysdoccslookup.doccs.ny.gov [last accessed May 15, 2025]), his request for early release to parole supervision appears to have been satisfied.