People v Byrd (2025 NY Slip Op 03666)

People v Byrd

2025 NY Slip Op 03666

Decided on June 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 18, 2025

113483
[*1]The People of the State of New York, Respondent,
v
Corey Byrd, Appellant.

Calendar Date:June 5, 2025

Before:Clark, J.P., Pritzker, Lynch, Ceresia and Fisher, JJ.

Theresa M. Suozzi, Saratoga Springs, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Anne H. Stark of counsel), for respondent.

Clark, J.P.
Appeal from a judgment of the County Court of Chemung County (Richard Rich Jr., J.), rendered March 21, 2022, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
Defendant was indicted and charged with assault in the second degree. The charge stemmed from an incident wherein defendant inflicted physical injuries to the head, neck and genitals of a child less than seven years old. Defendant ultimately was afforded the opportunity to plead guilty to the charged crime with the understanding that his sentence would be capped at two years in prison, to be followed by no more than three years of postrelease supervision. Defendant pleaded guilty in conformity with the agreement, and County Court thereafter sentenced defendant to a prison term of two years, to be followed by three years of postrelease supervision. This appeal ensued.
We affirm. Defendant's challenge to the voluntariness of his plea, as well as his related ineffective assistance of counsel claim (to the extent that it impacts upon the voluntariness of his plea), are unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion, despite having an opportunity to do so prior to sentencing (see People v Leroux, 234 AD3d 1214, 1214-1215 [3d Dept 2025]; People v Fernandez, 234 AD3d 1207, 1208 [3d Dept 2025]; People v Werner, 227 AD3d 1273, 1273 [3d Dept 2024]). The narrow exception to the preservation requirement is inapplicable, as defendant did not make any statements — either during the plea colloquy or at the time of sentencing — that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Prime, 233 AD3d 1182, 1182-1183 [3d Dept 2024]; People v Mehalick, 226 AD3d 1263, 1264 [3d Dept 2024], lv denied 42 NY3d 928 [2024]; People v Tucker, 222 AD3d 1038, 1041 [3d Dept 2023]). In any event, defendant's claim that he felt pressured to plead guilty is belied by the record, wherein he assured County Court that no one had threatened him, that he had been afforded sufficient time to confer with counsel and that he was pleading guilty because he believed it to be the "smartest course of action" (see People v Williams, 235 AD3d 1066, 1068 [3d Dept 2025]). Further, such claim amounts to nothing more "than the type of situational coercion faced by many defendants who are considering whether to plead guilty" (id. [internal quotation marks and citations omitted]; see People v Graham, 214 AD3d 1256, 1257 [3d Dept 2023], lv denied 40 NY3d 934 [2023]).
To the extent that defendant contends that counsel failed to adequately meet with him, investigate potential defenses or interview prospective witnesses, such claims implicate matters outside of the record and are more properly addressed in the context of a CPL article 440 motion (see People v Werner, 227 AD3d at 1274; People v Loya, 204 AD3d 1255, 1256 [3d Dept 2022], lv denied [*2]38 NY3d 1072 [2022]). Finally, upon consideration of all of the relevant circumstances, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Pritzker, Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.