People v Pompey (2022 NY Slip Op 01853)





People v Pompey


2022 NY Slip Op 01853


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

112779
[*1]The People of the State of New York, Respondent,
v
Messiah J. Pompey, Appellant.

Calendar Date:February 16, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Law Offices of Danielle Neroni, Albany (Angela Kelley of counsel), for appellant.
Clea Weiss, Special Prosecutor, Ithaca, for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered February 18, 2021, convicting defendant upon his plea of guilty of the crime of promoting a sexual performance by a child.
Defendant was charged with possessing a sexual performance by a child after a video was found on his cell phone depicting a young girl performing oral sex on an adult male. Following a search of defendant's electronics and accounts, hundreds of images and video recordings of child pornography were reportedly discovered, and he was charged with promoting a sexual performance by a child. Defendant thereafter waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of promoting a sexual performance by a child pursuant to a plea agreement that required a waiver of appeal, which defendant executed during the plea allocution. Consistent with the plea agreement, defendant pleaded guilty and was sentenced to the agreed-upon prison term of 2 to 6 years. Defendant appeals.
We affirm. Initially, we agree with defendant that his waiver of appeal is invalid. Although the written waiver of appeal indicated that it "encompasses most issues arising from this criminal proceeding" and listed legal issues that would be foreclosed by the appeal waiver, it also provided — at the end of the list — that defendant was unqualifiedly waiving his right to appeal "[a]ny other matters which I may have an appeal as of right or otherwise." County Court's oral colloquy did not attempt to clarify that the appeal waiver was not a total bar to taking an appeal. Given the mischaracterization of the appellate rights waived as encompassing an absolute bar to taking a first-tier direct appeal, and the failure to clarify that appellate review remained available for certain issues, we are unable to find that defendant understood the nature of the appellate rights being waived and, thus, the waiver is not enforceable (see People v Thomas, 34 NY3d 545, 558-559, 564-566 [2019]; see also People v Shanks, 37 NY3d 244, 251-253 [2021]; People v Bisono, 36 NY3d 1013, 1017 [2020]). Accordingly, defendant's challenge to the severity of the sentence is not precluded. However, upon review of the record and the seriousness of the underlying conduct, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the agreed-upon sentence in the interest of justice (see CPL 470.15 [6] [b]; People v Deming, 190 AD3d 1193, 1194 [2021], lv denied 36 NY3d 1119 [2021]).
Defendant's challenge to the voluntariness of his guilty plea is unpreserved for our review absent evidence of an appropriate postallocution motion, despite ample time to make such a motion prior to sentencing (see People v Williams, 27 NY3d 212, 214, 219—221 [2016]; People v Conceicao, 26 NY3d 375, 381-382 [2015]; see also CPL 220.60 [3]). Moreover, defendant did not make any statements during the plea colloquy that were inconsistent [*2]with his guilt, negated an essential element of the charged crime or otherwise called into question the voluntariness of his plea and, therefore, the narrow exception to the preservation requirement does not apply (see People v Williams, 27 NY3d at 214, 220—222; People v Lopez, 71 NY2d 662, 666 [1988]). Were we to address his claim despite the lack of preservation, we would find that defendant, in pleading guilty, made a "knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d at 382), after being informed of the plea terms and waiving the constitutional trial-related rights forfeited by his guilty plea, which he indicated he understood and accepted (see Boykin v Alabama, 395 US 238, 243 [1969]; People v Tyrell, 22 NY3d 359, 361, 365 [2013]; People v Sabin, 179 AD3d 1401, 1403 [2020], lv denied 35 NY3d 995 [2020]). He was also expressly advised that his waiver of preindictment discovery was not a condition of his guilty plea (see CPL 245.25 [1]).
Defendant's contention that he was deprived of the effective assistance of counsel, which is largely based upon matters outside of the record on appeal such as what counsel investigated or advised him, is more properly raised in a motion pursuant to CPL article 440 (see People v Huebsch, 199 AD3d 1174, 1176 [2021], lv denied 37 NY3d 1161 [2022]). To the extent that defendant argues that counsel was ineffective in permitting him to waive discovery, this claim is unpreserved as it was not raised prior to sentencing and, in any event, the record reflects that the People complied with their disclosure obligations. Moreover, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v LaPierre, 195 AD3d 1301, 1306 [2021] [internal quotation marks and citation omitted]). Were we to address this claim on the record before us, we would find that counsel secured a favorable plea deal that avoided numerous other charges and potential consecutive sentencing, and nothing casts doubt on counsel's apparent effectiveness. Defendant's remaining contentions have been reviewed and found to be without merit.
Egan Jr., J.P., Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.