People v Loya (2023 NY Slip Op 02147)

People v Loya

2023 NY Slip Op 02147

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

112727
[*1]The People of the State of New York, Respondent,
v
Robert J. Loya Jr., Appellant.

Calendar Date:March 30, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Erin C. Morigerato, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (John B. Latella III of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Saratoga County (James A. Murphy III, J.), rendered January 11, 2018, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
Defendant, who was charged by felony complaints with various drug-related offenses, waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of attempted criminal sale of a controlled substance in the third degree. In full satisfaction of the superior court information and other uncharged crimes, defendant agreed to plead guilty to the subject crime with the understanding that he would be sentenced to a prison term of 1½ years followed by a period of postrelease supervision, to be determined by County Court, ranging from 1½ to 3 years. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the agreement, and County Court sentenced defendant — as a second felony offender — to a prison term of 1½ years followed by three years of postrelease supervision. Defendant appeals.
We affirm. The People concede — and our review of the record confirms — that the waiver of appeal is invalid. The written waiver contained overbroad language purporting to erect an absolute bar to an appeal, and County Court's oral colloquy failed to sufficiently explain the nature and ramifications of the appeal waiver, cure the deficiencies in the written waiver or otherwise convey to defendant that some appellate review survived (see People v Retell, 211 AD3d 1181, 1182 [3d Dept 2022]; People v Pompey, 203 AD3d 1411, 1412 [3d Dept 2022], lv denied 38 NY3d 1009 [2022]; People v Mayeaux, 197 AD3d 1443, 1444 [3d Dept 2021], lv denied 37 NY3d 1147 [2021]).
In light of the invalid appeal waiver, defendant's challenge to the severity of the sentence imposed is not precluded (see People v Nelson, 196 AD3d 972, 972 [3d Dept 2021], lv denied 37 NY3d 1028 [2021]). However, upon reviewing the record and considering all of the relevant circumstances, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]). Defendant's related claim that County Court failed "to comply with the provision of CPL 400.21 (3) requiring an inquiry as to whether defendant wanted to controvert any of the allegations in the predicate felony statement is unpreserved for our review given the lack of an objection by defendant at sentencing" (People v Melton, 136 AD3d 1069, 1070 [3d Dept 2016], lv denied 27 NY3d 1002 [2016]; see People v Huntley, 177 AD3d 1032, 1034 [3d Dept 2019], lv denied 34 NY3d 1131 [2020]; People v Sands, 157 AD3d 1136, 1138 [3d Dept 2018], lv denied 31 NY3d 986 [2018]). "In any event, County Court was not obligated to expressly advise defendant of his right to contest the constitutionality of the prior conviction" (People v Melton, 136 AD3d at 1070 [internal quotation marks and citations omitted]; [*2]see People v Thomas, 175 AD3d 1614, 1615 [3d Dept 2019], lv denied 34 NY3d 1019 [2019]).
Defendant's challenge to the voluntariness of his plea, including any assertion that County Court did not sufficiently apprise him of his Boykin rights, is unpreserved for our review as defendant failed to make an appropriate postallocution motion — despite having an opportunity to do so prior to sentencing (see People v West, 210 AD3d 1194, 1195 [3d Dept 2022], lv denied 39 NY3d 1080 [2023]; People v Dye, 210 AD3d 1192, 1193 [3d Dept 2022], lv denied 39 NY3d 1072 [2023]; People v Podeswa, 205 AD3d 1139, 1140 [3d Dept 2022], lv denied 38 NY3d 1135 [2022]; People v Crampton, 201 AD3d 1020, 1022 [3d Dept 2022], lv denied 37 NY3d 1160 [2022]). The narrow exception to the preservation requirement was not triggered here, as defendant did not make any statements during the plea colloquy that negated an element of the charged crime, cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (see People v Pompey, 203 AD3d at 1412; People v Crampton, 201 AD3d at 1022). Defendant's ineffective assistance of counsel claim — to the extent that it impacts upon the voluntariness of his plea — is similarly unpreserved (see People v West, 210 AD3d at 1195; People v DeJesus, 210 AD3d 1195, 1196 [3d Dept 2022], lv denied 39 NY3d 985 [2022]). The balance of defendant's ineffective assistance of counsel claim, including his assertion that counsel failed to, among other things, properly investigate his case, explore potential defenses and/or explain the consequences of a guilty plea, "implicates matters outside of the record and, as such, is more properly the subject of a CPL article 440 motion" (People v Elawar, 204 AD3d 1247, 1249 [3d Dept 2022], lv denied 38 NY3d 1133 [2022]; see People v Sanders, 203 AD3d 1403, 1404 [3d Dept 2022]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.