People v Tiggs (2023 NY Slip Op 02805)

People v Tiggs

2023 NY Slip Op 02805

Decided on May 25, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 25, 2023

111117 
[*1]The People of the State of New York, Respondent,
v
Demetrius Tiggs, Also Known as DJ and Sourpatch, Appellant.

Calendar Date:April 21, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Justin C. Brusgul, Altamont, for appellant.
Robert M. Carney District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Kathleen B. Hogan, J.), rendered November 2, 2018 in Schenectady County, convicting defendant upon his plea of guilty of the crime of assault in the first degree.
Defendant was charged by indictment with various crimes, including attempted murder in the second degree, assault in the first degree and criminal use of a firearm. In satisfaction of the indictment, defendant pleaded guilty to assault in the first degree and purportedly waived the right to appeal. Supreme Court sentenced defendant, as a second felony offender, to the agreed-upon prison term of 15 years, to be followed by five years of postrelease supervision. Defendant appeals.
Initially, we agree with defendant that his waiver of the right to appeal is invalid. The written waiver executed by defendant "is overbroad and inaccurate, and [Supreme] Court did not overcome the overbroad language of the written waiver by ensuring that defendant understood that some appellate and collateral review survives an appeal waiver" (People v Devane, 212 AD3d 894, 895 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 39 NY3d 1110 [2023]; see People v McLaughlin, 208 AD3d 1556, 1557 [3d Dept 2022], lv denied 39 NY3d 1074 [2023]; People v Nisby, 207 AD3d 876, 876 [3d Dept 2022], lv denied 38 NY3d 1189 [2022]). In light of the invalid appeal waiver, defendant's challenge to the severity of the sentence is not foreclosed (see People v Clark, 209 AD3d 1063, 1065 [3d Dept 2022], lv denied ___ NY3d ___ [Apr. 14, 2023]). That said, upon review of the record and considering all of the relevant circumstances, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]) and we decline defendant's invitation to reduce the sentence in the interest of justice (see CPL 470.15 [3] [c]).
Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.