People v Lomack (2023 NY Slip Op 04801)

People v Lomack

2023 NY Slip Op 04801

Decided on September 28, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 28, 2023

113325
[*1]The People of the State of New York, Respondent,
v
Qarayone Lomack, Appellant.

Calendar Date:September 6, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Erin N. LaValley of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered January 24, 2020 in Albany County, convicting defendant upon his plea of guilty of the crimes of rape in the first degree and attempted kidnapping in the second degree as a sexually motivated felony.
Defendant was charged in an indictment with various crimes. During subsequent proceedings, Supreme Court ordered — upon the request of defense counsel and with the People's consent — that defendant undergo a competency examination pursuant to CPL article 730. Following the completion of two psychiatric examinations that both found that defendant did not lack the capacity to understand the proceedings or assist in his own defense (see CPL 730.10), defendant pleaded guilty to rape in the first degree and attempted kidnapping in the second degree as a sexually motivated felony in satisfaction of the indictment. The plea agreement required defendant to waive his right to appeal. Consistent with the terms of the plea agreement, Supreme Court sentenced defendant to 25 years in prison to be followed by 20 years of postrelease supervision for the rape conviction and 15 years in prison to be followed by 15 years of postrelease supervision for the attempted kidnapping conviction, with the sentences to run concurrently. Defendant appeals.
We affirm. The People concede, and our review of the record confirms, that defendant's waiver of the right to appeal is invalid. We have previously found that the written waiver utilized by the Albany County District Attorney's office here is overly broad (see e.g. People v Darby, 206 AD3d 1165, 1166 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]; People v Stratton, 201 AD3d 1201, 1202 [3d Dept 2022], lv denied 38 NY3d 1036 [2022]). Further, Supreme Court's colloquy "failed to ensure that defendant understood the distinction that some appellate review survived the appeal waiver" (People v Mayo, 195 AD3d 1313, 1314 [3d Dept 2021] [internal quotation marks and citations omitted]; see People v Darby, 206 AD3d at 1166). In light of defendant's invalid appeal waiver, his challenge to the severity of his sentence is not precluded (see People v Tiggs, 216 AD3d 1357, 1357 [3d Dept 2023], lv denied ___ NY3d ___ [Aug. 29, 2023]; People v Loya, 215 AD3d 1181, 1182 [3d Dept 2023], lv denied 40 NY3d 929 [2023]). That said, the sentences were imposed concurrently, although they could have been imposed consecutively, and given the seriousness of the offenses committed, we do not find the aggregate sentence to be unduly harsh or severe (see CPL 470.15 [6]; People v Barkley, 208 AD3d 1512, 1513 [3d Dept 2022]).
Defendant's contention that Supreme Court abused its discretion by not sua sponte conducting a competency hearing prior to accepting his plea is unpreserved for our review, as the record does not reflect that he made an appropriate postallocution motion, and the narrow exception to the preservation requirement was not triggered (see People v Williams, 189 [*2]AD3d 1978, 1980-1981 [3d Dept 2020], lv denied 37 NY3d 1165 [2022]; People v Park, 159 AD3d 1132, 1133 [3d Dept 2018], lv denied 31 NY3d 1085 [2018]; People v Hilts, 157 AD3d 1123, 1124 [3d Dept 2018]). In any event, there is no indication in the record that defendant was mentally incompetent at the time of his guilty plea. As such, we would find no abuse of discretion in the court's acceptance of defendant's plea without first holding a competency hearing (see People v Park, 159 AD3d at 1134; People v Vandemark, 117 AD3d 1339, 1340 [3d Dept 2014], lv denied 24 NY3d 965 [2014]).
Clark, J.P., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.