People v Vazquez (2023 NY Slip Op 06408)

People v Vazquez

2023 NY Slip Op 06408

Decided on December 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 14, 2023

112824
[*1]The People of the State of New York, Respondent,
v
Juan A. Vazquez, Appellant.

Calendar Date:November 21, 2023

Before:Garry, P.J., Lynch, Ceresia, Fisher and Powers, JJ.

Sandra M. Colatosti, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (John B. Latella III of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Saratoga County (James A. Murphy III, J.), rendered November 18, 2020, convicting defendant upon his plea of guilty of the crime of murder in the second degree.
After fatally stabbing the victim, defendant was indicted on charges of murder in the second degree, tampering with physical evidence (two counts) and criminal possession of a controlled substance in the seventh degree. Defendant pleaded guilty to the top count of murder in the second degree in satisfaction of the indictment and agreed to waive his right to appeal. Consistent with the terms of the plea agreement, County Court sentenced defendant to a prison term of 20 years to life. Defendant appeals.
Initially, as the People concede and our review of the record confirms, defendant's waiver of his right to appeal is invalid. The written waiver is overly broad in that it purports to be an absolute bar to an appeal, and County Court's brief oral colloquy was not sufficient to establish that defendant understood the nature and ramifications of the appeal waiver or that some appellate review survived (see People v Elston, 217 AD3d 1274, 1274 [3d Dept 2023]; People v Loya, 215 AD3d 1181, 1182 [3d Dept 2023], lv denied 40 NY3d 929 [2023]; People v Lorman, 214 AD3d 1210, 1210 [3d Dept 2023]).
Defendant's contention that his plea was not knowing, voluntary and intelligent, although not affected by any appeal waiver, is unpreserved for our review as the record does not reflect that an appropriate postallocution motion was made, and the narrow exception to the preservation requirement was not triggered here (see People v Wilcox, 218 AD3d 965, 965 [3d Dept 2023]; People v Loya, 215 AD3d at 1183). Were this challenge properly before us, we would find it to be without merit. The record reflects that County Court sufficiently informed defendant of the trial-related rights that he was forfeiting by pleading guilty, and defendant assured the court that trial counsel had answered all of his questions, he was satisfied with counsel's representation, he understood the nature of the plea agreement and that he was pleading guilty voluntarily (see People v Hawkins, 207 AD3d 814, 815-816 [3d Dept 2022]; People v Huebsch, 199 AD3d 1174, 1175 [3d Dept 2021], lv denied 37 NY3d 1161 [2022]).
Given the invalid appeal waiver, defendant's challenge to the severity of the sentence imposed is not precluded (see People v Sheldon, 217 AD3d 1265, 1266 [3d Dept 2023], lv denied 40 NY3d 999 [2023]; People v Coler, 214 AD3d 1207, 1207 [3d Dept 2023]). We are unpersuaded, however, that the negotiated sentence, which was less than the maximum permissible sentence (see Penal Law § 70.00 [2] [a]; [3] [a] [i]), is harsh or severe (see CPL 470.15 [6] [b]). Despite the existence of certain mitigating factors, including defendant's substance abuse and mental health issues, we find no basis to disturb the sentence imposed, particularly given the extremely brutal nature of the crime.
Lynch[*2], Ceresia, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.