People v Gentry (2024 NY Slip Op 00208)

People v Gentry

2024 NY Slip Op 00208

Decided on January 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 18, 2024

112339
[*1]The People of the State of New York, Respondent,
v
Ramel Gentry, Also Known as Re-Re, Appellant.

Calendar Date:December 13, 2023

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, McShan and Mackey, JJ.

Eric M. Galarneau, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the Supreme Court (Kathleen B. Hogan, J.), rendered February 20, 2020 in Schenectady County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant was charged in a five-count indictment with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, tampering with physical evidence and resisting arrest. Following an unsuccessful motion to, among other things, suppress certain physical evidence, defendant agreed to plead guilty to criminal possession of a controlled substance in the third degree in full satisfaction of the indictment, with the understanding that he would be sentenced as a second felony offender to a prison term of three years followed by a period of postrelease supervision ranging from 1½ to 3 years. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the agreement, Supreme Court sentenced defendant to a prison term of three years followed by 2½ years of postrelease supervision and this appeal ensued.
The People concede — and we agree — that neither Supreme Court's initial oral waiver colloquy nor the written waiver of appeal executed by defendant during the plea proceeding, which occurred prior to the Court of Appeals' decision in People v Thomas (34 NY3d 545 [2019]), was sufficient to effectuate a valid waiver of defendant's right to appeal. We also agree with the People that such deficiencies were cured prior to sentencing. Before imposing sentence, and in response to the decision in Thomas, Supreme Court advised defendant that the waiver of the right to appeal was separate and distinct from the trial-related rights that defendant had forfeited by pleading guilty and did not operate as a complete bar to defendant taking a direct appeal from the judgment of conviction. In addition to explaining the nature and ramifications of the waiver, Supreme Court expressly delineated certain of the issues that would survive, ensured that defendant had been afforded an opportunity to confer with counsel and obtained defendant's assurances that he remained willing to waive his right to appeal. Given Supreme Court's post-Thomas explanation and delineation of defendant's appellate rights at the time of sentencing, which was entirely permissible (see People v Koontz, 166 AD3d 1215, 1216-1217 [3d Dept 2018], lv denied 32 NY3d 1206 [2019]), we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Fleshman, 221 AD3d 1066, 1069 [3d Dept 2023]; People v Rodriguez, 217 AD3d 1012, 1013 [3d Dept 2023]; People v Burke, 199 AD3d 1170, 1170-1171 [3d Dept 2021]; compare People v Callender, 164 AD3d 962, 962-963 [3d Dept 2018]). In light of the valid appeal waiver, defendant's challenge to the denial [*2]of his suppression motion is precluded (see People v Nack, 200 AD3d 1197, 1199 [3d Dept 2021], lv denied 38 NY3d 1009 [2022]; People v Andino, 185 AD3d 1218, 1219 [3d Dept 2020], lv denied 35 NY3d 1110 [2020]; People v Danzy, 182 AD3d 920, 921 [3d Dept 2020], lv denied 35 NY3d 1043 [2020]). Accordingly, the judgment of conviction is affirmed.
Lynch, Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.