People v Weber (2024 NY Slip Op 01952)

People v Weber

2024 NY Slip Op 01952

Decided on April 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 11, 2024

113051
[*1]The People of the State of New York, Respondent,
v
Kenneth Weber, Appellant.

Calendar Date:January 8, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

Aaron A. Louridas, Delmar, for appellant.
Mary E. Saitta, Special Prosecutor, Binghamton, for respondent.

Powers, J.
Appeals (1) from a judgment of the County Court of Broome County (Richard D. Northrup Jr., J.), rendered July 28, 2017, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree, and (2) from a judgment of said court, rendered July 28, 2017, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.
On January 30, 2015, the Vestal Police Department (hereinafter VPD) received calls from defendant and Kurt Weber reporting the victim — defendant's grandmother and Weber's mother — missing. VPD conducted a cursory search of the home defendant and the victim shared in an attempt to locate her, to no avail. Days later, on February 3, 2015, defendant was arrested on an unrelated charge and interviewed regarding the victim's disappearance. During this interview, defendant admitted that they had fallen down the stairs in the home, which resulted in her death, and he had secreted her remains. In April 2015, defendant was charged by indictment with murder in the second degree stemming from this incident. Following an unsuccessful motion to suppress, defendant pleaded guilty to a reduced charge of manslaughter in the first degree in satisfaction of the indictment, and separately waived indictment and pleaded guilty to a superior court information charging him with grand larceny in the fourth degree stemming from his use of the victim's credit and debit cards after her death and purported to waive his right to appeal. In accordance with the terms of the negotiated sentence, defendant was sentenced, as a second felony offender, to a prison term of 25 years to be followed by five years of postrelease supervision on the manslaughter conviction and to a lesser concurrent prison term on the grand larceny conviction. Defendant appeals.
Preliminarily, defendant maintains that he did not validly waive his right to appeal. We agree. The written waiver executed by defendant indicates that it operated to "conclude [defendant's] case." This overbroad language purports to erect a complete bar to a direct appeal and County Court's brief oral colloquy failed to convey to defendant that some appellate review survived (see People v Grainger, 199 AD3d 1070, 1071 [3d Dept 2021]; compare People v Allen, 199 AD3d 1127, 1128 [3d Dept 2021], lv denied 38 NY3d 925 [2022]). Thus, as both the written and oral waivers suggest an absolute bar to appellate review, defendant's waiver of the right to appeal was not knowingly, voluntarily or intelligently entered (see People v Vazquez, 222 AD3d 1104, 1105 [3d Dept 2023]; People v Hawkins, 207 AD3d 814, 815 [3d Dept 2022]). Given the invalid appeal waiver, defendant's challenges to County Court's suppression ruling (compare People v Gentry, 223 AD3d 1050, 1051 [3d Dept 2024]) and to the severity of his sentence are not precluded (see People v Harrison, 221 AD3d 1369, 1369 [3d Dept 2023]).
Defendant contends that County Court erred in denying his motion to suppress certain [*2]statements made during the February 3, 2015 interview, as his physical condition at the time of the interview and the denial of his requests for medical attention rendered these statements involuntary. "The People bear the burden of proving, beyond a reasonable doubt, that a defendant's statements are voluntary" (People v McCarty, 221 AD3d 1360, 1364 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 1093 [2024]; see People v Lilliard, 206 AD3d 1241, 1242 [3d Dept 2022]). Although the timely provision of Miranda warnings creates an inference of voluntariness, the People must still demonstrate "that the statements were not products of coercion, either physical or psychological" (People v Thomas, 22 NY3d 629, 641 [2014]; accord People v McCarty, 221 AD3d at 1364). "Determining whether a statement is voluntary is a factual issue governed by the totality of the circumstances and the credibility assessments of the suppression court in making that determination are entitled to deference" (People v Paul, 202 AD3d 1203, 1208 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1034 [2022]).
The proof adduced at the suppression hearing consisted of an audiovisual recording of the interview and the testimony of law enforcement officers related thereto. Christopher Streno, a detective with VPD who conducted the interview, testified that defendant was issued Miranda warnings at the time of his arrest on an unrelated charge, and that defendant acknowledged that he understood his rights and voluntarily waived them prior to making any statements. During the interview, defendant made various statements regarding his physical condition and requested medical attention. Yet, Streno testified that his observations of defendant led him to believe these requests were not legitimate as defendant appeared uncomfortable and exhibited signs of withdrawal but did not require immediate medical attention. Upon our review of the record and deferring to County Court's credibility determinations, we are satisfied that defendant's statements were not rendered involuntary as defendant was not in need of immediate medical attention and was alert, though uncomfortable (see People v Boyd, 192 AD3d 1659, 1661 [4th Dept 2021]; People v Robinson, 156 AD3d 1123, 1131 [3d Dept 2017], lv denied 30 NY3d 1119 [2018]; compare People v McMillan, 185 AD3d 1208, 1212 [3d Dept 2020], lv denied 35 NY3d 1114 [2020]). As such, we find that defendant's motion to suppress his statements was properly denied (see People v High, 200 AD3d 1209, 1211 [3d Dept 2021], lv denied 37 NY3d 1161 [2022]; People v Bowman, 194 AD3d 1123, 1129 [3d Dept 2021], lv denied 37 NY3d 963 [2021]).
Contrary to defendant's further assertion, we find that the warrantless entry into the home he shared with the victim on January 30, 2015 was permissible under the emergency exception to the warrant requirement, and, thus, County Court properly denied his motion to suppress [*3]in this respect. "Subject only to carefully drawn and narrow exceptions, a warrantless search of an individual's home is per se unreasonable and hence unconstitutional" (People v Sears, 165 AD3d 1482, 1483 [3d Dept 2018] [internal quotation marks and citations omitted], lv dismissed 32 NY3d 1129 [2018]). "Under the NY Constitution, the emergency exception to the warrant requirement permits the police to make a warrantless entry into a protected area if three prerequisites are met: (1) [t]he police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property[;] (2) [t]he search must not be primarily motivated by intent to arrest and seize evidence[;] (3) [and] [t]here must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched" (People v Alberts, 161 AD3d 1298, 1301-1302 [3d Dept 2018] [internal quotation marks, brackets and citations omitted], lv denied 31 NY3d 1114 [2018]).
The record confirms that these requirements were satisfied. Both defendant and Weber had reported the victim missing and requested law enforcement assistance, thereby creating reasonable grounds to believe an emergency was ongoing and that immediate assistance was needed. Jared Fiacco, a patrol officer with VPD, testified at the suppression hearing that the entry into the home was motivated by the intent to locate the victim and ensure her welfare, not for the purpose of seizing evidence. This is further supported by the fact that no evidence was collected during this initial search for the victim. Finally, there was a reasonable basis to associate the emergency with the victim's home as her vehicle was parked in the driveway. Moreover, although defendant and Weber conveyed to Fiacco that they had searched the home and did not locate the victim, an independent search of the home was authorized to verify their observations that the victim — who was elderly and of poor health — was not present before conducting further investigation into her whereabouts (see generally People v Rodriguez, 77 AD3d 280, 291-292 [2d Dept 2010], lv denied 15 NY3d 955 [2010]). Thus, under the circumstances presented here, the warrantless entry into the home was permissible under the emergency exception to the warrant requirement (see People v Gibson, 117 AD3d 1317, 1320 [3d Dept 2014], affd 24 NY3d 1125 [2015]; People v Musto, 106 AD3d 1380, 1382 [3d Dept 2013], lv denied 21 NY3d 1007 [2013]; People v Eckhardt, 305 AD2d 860, 863-864 [3d Dept 2003], lv denied 100 NY2d 620 [2003]).
To the extent defendant alleges that ineffective assistance of counsel impacted the voluntariness of his plea, he concedes he has failed to preserve this claim as he failed to make an appropriate postallocution motion (see People v Derverger, 214 AD3d 1261, 1263 [3d Dept 2023], lv denied 40 NY3d 928 [2023]). Further, defendant's underlying claims involve matters outside [*4]the record and, thus, are more properly the subject of a CPL article 440 motion (see People v Fablas, 216 AD3d 1358, 1359 [3d Dept 2023], lv denied 40 NY3d 934 [2023]; People v Loya, 215 AD3d 1181, 1183 [3d Dept 2023], lv denied 40 NY3d 929 [2023]).
Finally, we deny defendant's request to reduce the negotiated sentence in the interest of justice. While we recognize that defendant was sentenced to the maximum permissible term for a second felony offender as to both convictions (see Penal Law § 70.06 [3] [e]; [4] [b]; [6] [a]), County Court could have imposed these sentences to run consecutively but did not do so (see generally Penal Law § 70.25; People v Lomack, 219 AD3d 1646, 1647 [3d Dept 2023], lv denied 40 NY3d 1040 [2023]). We do not find this to be unduly harsh or severe considering the facts and circumstances presented, nor do the mitigating factors advanced by defendant warrant a reduction of the sentence in the interest of justice (see CPL 470.15 [6] [b]; People v Breedlove, 223 AD3d 939, 941 [3d Dept 2024]; People v Vazquez, 222 AD3d at 1105-1106).
Garry, P.J., Pritzker, Lynch and Fisher, JJ., concur.
Ordered that the judgments are affirmed.