People v Graham (2024 NY Slip Op 04639)

People v Graham

2024 NY Slip Op 04639

Decided on September 26, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 26, 2024

113390
[*1]The People of the State of New York, Respondent,
v
Jerome Graham, Appellant.

Calendar Date:September 10, 2024

Before:Egan Jr., J.P., Pritzker, Lynch, McShan and Powers, JJ.

Theresa M. Suozzi, Saratoga Springs, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Schenectady County (Mark J. Caruso, J.), rendered November 22, 2021, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In full satisfaction of a 12-count indictment, defendant was afforded the opportunity to plead guilty to one count of criminal possession of a controlled substance in the third degree with the understanding that he would be sentenced, as a second felony offender, to a prison term of 3½ years, to be followed by 1½ years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court imposed the agreed-upon sentence. This appeal ensued.
In light of our decision in People v Appiah (218 AD3d 1060, 1061 [3d Dept 2023], revd on other grounds 41 NY3d 949 [2024]), which involved an identical written waiver and substantially similar oral colloquy, we agree with defendant that his waiver of the right to appeal is invalid. Given the invalid appeal waiver, defendant's claim that the negotiated sentence imposed is unduly harsh or severe is not foreclosed (see People v Tiggs, 216 AD3d 1357, 1357 [3d Dept 2023], lv denied 40 NY3d 952 [2023]). However, upon reviewing the record as a whole and taking into consideration all of the relevant factors, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]).
Defendant's challenges to the voluntariness of his plea and his ineffective assistance of counsel claim (to the extent that it impacts upon the voluntariness of his plea) are unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion — despite having an opportunity to do so prior to sentencing (see People v Sharpton, 225 AD3d 1097, 1097-1098 [3d Dept 2024], lv denied 41 NY3d 1020 [2024]; People v Dunbar, 218 AD3d 931, 932-933 [3d Dept 2023], lv denied 40 NY3d 950 [2023]). Further, the narrow exception to the preservation requirement was not triggered here (see People v Lomack, 217 AD3d 1281, 1282 [3d Dept 2023], lv denied 40 NY3d 951 [2023]; People v Loya, 215 AD3d 1181, 1183 [3d Dept 2023], lv denied 40 NY3d 929 [2023]). To the extent defendant asserts that counsel failed to adequately meet with him, investigate potential defenses, discuss strategy and/or explain the consequences of a second felony offender designation, such claims implicate matters outside of the record that are more properly the subject of a CPL article 440 motion (see People v Nunnally, 224 AD3d 992, 994 [3d Dept 2024], lv denied 41 NY3d 1004 [2024]; People v Loya, 215 AD3d at 1183; People v Miller, 215 AD3d 1141, 1142 [3d Dept 2023], lv denied 40 NY3d 930 [2023]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit. Accordingly, the judgment of conviction is affirmed.
Egan Jr., [*2]J.P., Pritzker, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.