People v Guilianelle (2024 NY Slip Op 06241)

People v Guilianelle

2024 NY Slip Op 06241

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

111555 CR-23-1334
[*1]The People of the State of New York, Respondent,
v
Victor A. Guilianelle, Appellant.

Calendar Date:November 20, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
Robert S. Rosborough IV, Special Prosecutor, Albany, for respondent.

Clark, J.P.
Appeals (1) from a judgment of the County Court of Saratoga County (James A. Murphy III, J.), rendered September 21, 2018, convicting defendant upon his plea of guilty of the crime of attempted sexual abuse in the first degree, and (2) by permission, from an order of said court (Chad W. Brown, J.), entered July 12, 2022, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In satisfaction of a two-count indictment, defendant pleaded guilty to the reduced charge of attempted sexual abuse in the first degree and agreed to waive his right to appeal. Pursuant to the terms of the plea agreement, County Court (Murphy III, J.) sentenced defendant, as second felony offender, to a prison term of 2½ years, to be followed by 10 years of postrelease supervision (hereinafter PRS). Defendant thereafter moved to vacate the judgment of conviction pursuant to CPL 440.10, premised upon a claim of ineffective assistance of counsel that rendered his plea involuntary. County Court (Brown, J.) denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the denial of his motion to vacate.
Initially, the People concede — and our review of the record confirms — that defendant's waiver of his right to appeal is invalid as the written waiver contained overbroad language and the brief oral colloquy did not sufficiently explain the nature and ramifications of the appeal waiver, remedy the defects in the written waiver or otherwise inform defendant that some appellate rights survived (see People v Loya, 215 AD3d 1181, 1182 [3d Dept 2023], lv denied 40 NY3d 929 [2023]; People v Francis, 213 AD3d 1031, 1032 [3d Dept 2023], lv denied 39 NY3d 1154 [2023]). Accordingly, defendant's challenge to the 10-year period of PRS as harsh and excessive is not precluded (see People v Ellis, 229 AD3d 1006, 1007 [3d Dept 2024]; People v Werner, 227 AD3d 1273, 1273 [3d Dept 2024]). That said, upon considering all of the relevant factors, we are unpersuaded that the period of PRS is unduly harsh or severe, notwithstanding that defendant is required to register as a sex offender and will be subject to an additional level of supervision (see CPL 470.15 [6] [b]).
Defendant's claim that County Court (Murphy III, J.) did not sufficiently explain that he would be forfeiting his right against self-incrimination by pleading guilty is unpreserved for our review, as defendant did not make an appropriate postallocution motion to withdraw his plea, despite ample opportunity to do so before sentencing, and the narrow exception to the preservation rule was not implicated (see People v Loya, 215 AD3d at 1183; People v Kimball, 213 AD3d 1028, 1030 [3d Dept 2023], lv denied 40 NY3d 929 [2023]; People v Nichols, 194 AD3d 1114, 1115 [3d Dept 2021], lv denied 37 NY3d 973 [2021]). In any event, were we to consider the issue, we would find it to be without merit as the record reflects that the court sufficiently [*2]advised defendant of the trial-related rights being forfeited and that defendant "intelligently and understandingly waived [those] constitutional rights" (People v Conceicao, 26 NY3d 375, 383 [2015]; see People v Werner, 227 AD3d at 1274; People v Moore, 201 AD3d 1209, 1211 [3d Dept 2022]).
Next, we turn to defendant's contention that County Court (Brown, J.) erred in denying his motion to vacate the judgment of conviction pursuant to CPL 440.10 (1) (h), without a hearing. "On a motion to vacate a judgment of conviction under CPL 440.10, a hearing is only required if the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief. Furthermore, a court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Dunbar, 218 AD3d 931, 933-934 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 950 [2023]).
Defendant's CPL 440.10 motion was premised on two grounds. As to the first of these, defendant contends that his plea was involuntarily made because he was unduly pressured and coerced by defense counsel's repeated insistence that defendant accept the plea or forego ever seeing his ailing father outside of prison. Defendant's allegation is contradicted by the record, which reflects that defendant unequivocally confirmed that he was satisfied with counsel's representation and was entering the plea freely, without any force or coercion (see CPL 440.30 [4] [d]; People v Crampton, 201 AD3d 1020, 1024 [3d Dept 2022], lv denied 37 NY3d 1160 [2022]; People v Gassner, 193 AD3d 1182, 1185 [3d Dept 2021], lv denied 37 NY3d 956 [2021]). Moreover, this issue "could with due diligence by . . . defendant have readily been made to appear on the record in a manner providing adequate basis for review of such ground or issue upon an appeal from the judgment" as defendant was aware of his father's failing health at the time of the plea (CPL 440.10 [3] [a]). As for the second ground, defendant alleged that counsel failed to investigate or pursue certain information but, other than his own affidavit, defendant provided no further supporting affidavit or evidence (see People v Kuhn, 221 AD3d 1182, 1184 [3d Dept 2023], lv denied 41 NY3d 1019 [2024]; People v Hinds, 217 AD3d 1138, 1142 [3d Dept 2023], lv denied 40 NY3d 951 [2023]; People v Vittengl, 203 AD3d 1390, 1393 [3d Dept 2022]). Further, other than a generalized assertion regarding the lack of an independent investigation by counsel, defendant offers no indication of what helpful or exculpatory information an independent investigation would have yielded in relation to the charges (compare People v Oliveras, 21 NY3d 339, 348 [2013]). Given defendant's unsupported self-serving affidavit, the favorable plea agreement and lack of evidence in the record that casts doubt on counsel's apparent effectiveness, [*3]we find no abuse of discretion in County Court's denial of defendant's motion to vacate the judgment without a hearing (see People v Drake, 224 AD3d 1138, 1142 [3d Dept 2024]; People v Jones, 101 AD3d 1482, 1483 [3d Dept 2012], lv denied 21 NY3d 1017 [2013]).
Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the judgment and the order are affirmed.