People v Robinson (2025 NY Slip Op 02626)

People v Robinson

2025 NY Slip Op 02626

Decided on May 1, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 1, 2025

CR-23-0743
[*1]The People of the State of New York, Respondent,
v
Nicholas D. Robinson, Appellant.

Calendar Date:March 24, 2025

Before:Garry, P.J., Clark, Lynch, Fisher and Powers, JJ.

Todd G. Monahan, Schenectady, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Joann Rose Parry of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Broome County (Joseph Cawley, J.), rendered December 3, 2021, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In satisfaction of a multicount indictment, defendant pleaded guilty to criminal possession of a weapon in the second degree and agreed to waive his right to appeal. In accordance with the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of five years, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant contends that he was deprived of the effective assistance of counsel when defense counsel took a position adverse to him by defense counsel recounting his representation in response to defendant's general complaints about counsel's performance. To the extent that defendant asserts that this impacted the voluntariness of his plea, which contention is not precluded by the unchallenged appeal waver, it is unpreserved for our review given that defendant did not make an appropriate postallocution motion, and the narrow exception to the preservation requirement is not implicated here (see People v Penk, 220 AD3d 990, 991 [3d Dept 2023]; People v Johnson, 194 AD3d 1267, 1269 [3d Dept 2021]). Although defendant also contends that new counsel should have been assigned, defense counsel did not become an adverse witness against defendant in responding to defendant's general complaints nor did defense counsel's comments explaining his performance create a conflict of interest warranting the assignment of new counsel (see People v Washington, 25 NY3d 1091, 1095 [2015]; People v Nelson, 7 NY3d 883, 884 [2006]; People v Howard, 224 AD3d 1359, 1361 [4th Dept 2024], affd ___ NY3d ___, 2025 NY Slip Op 00184 [Jan. 14, 2025]; People v Toledo, 144 AD3d 1332, 1334 [3d Dept 2016], lv denied 29 NY3d 1001 [2017]).
Defendant also contends that, given his statements at court appearances and his voluminous pro se communications sent to County Court and others, the court erred in not directing, on its own initiative, a competency examination pursuant to CPL 730.30. Initially, we note that defendant's challenge to his competency to enter the guilty plea is not precluded by his guilty plea or his unchallenged appeal waiver (see People v Hansen, 95 NY2d 227, 230-231 n 2 [2000]; People v Armlin, 37 NY2d 167, 168-169 [1975]), but is similarly unpreserved absent an appropriate postallocution motion, and the narrow exception to the preservation requirement is inapplicable (see People v Lomack, 219 AD3d 1646, 1647-1648 [3d Dept 2023], lv denied 40 NY3d 1040 [2023]; People v Williams, 189 AD3d 1978, 1980 [3d Dept 2020], lv denied 37 NY3d 1165 [2022]). In any event, were we to consider the issue, we would find no abuse of discretion in the court accepting defendant's guilty plea as there is nothing in the record, including defendant's statements and submissions to the court, indicating [*2]that defendant was mentally incompetent at the time of the plea (see CPL 730.30 [1]; People v Tortorici, 92 NY2d 757, 765 [1999], cert denied 528 US 834 [1999]; People v Lomack, 219 AD3d at 1648).
Garry, P.J., Clark, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.