People v Damon
2026 NY Slip Op 03847
June 18, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
David O. Damon, Appellant.

Decided and Entered:June 18, 2026
CR-24-0250
Calendar Date: June 1, 2026
Before: Clark, J.P., Fisher, Powers, Mackey And Corcoran, JJ.

Hug Law PLLC, Albany (Matthew C. Hug of counsel), for appellant, and appellant pro se.
Elizabeth M. Crawford, District Attorney, Malone (Alyxandra Stanczak of counsel), for respondent.

[*1]
Powers, J.
Appeal from a judgment of the County Court of Franklin County (Craig Carriero, J.), rendered August 11, 2023, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree.
In February 2022, defendant was charged by indictment with predatory sexual assault against a child, rape in the first degree and criminal sexual act in the first degree. Following a hearing to consider, among other things, whether to suppress certain statements defendant had made to law enforcement personnel, County Court (Champagne, J.) denied defendant's motion to suppress. Subsequently, in July 2022, the People obtained a superseding indictment charging defendant with three counts of predatory sexual assault against a child, three counts of rape in the first degree and two counts of criminal sexual act in the first degree. Defendant moved to, among other things, dismiss the superseding indictment due to insufficient evidence and to suppress the same statements that were previously the subject of his prior suppression motion. Following a hearing thereon, the court (Carriero, J.), among other things, dismissed three counts of the superseding indictment for insufficient evidence but upheld the remaining counts. The court also noted that defendant's motion to suppress challenged the same statements that were the subject of defendant's prior suppression motion on the superseded indictment and, therefore, adopted the court's (Champagne, J.) findings made in terms of that prior motion in denying the subsequent motion. Thereafter, pursuant to a negotiated plea agreement, defendant pleaded guilty to the crime of criminal sexual act in the first degree (see Penal Law § 130.50 [4]) under count 8 of the superseding indictment and was required to waive his right to appeal. The plea also resolved a separate 12-count indictment against defendant filed in a neighboring county. The court (Carriero, J.) subsequently imposed the agreed-upon sentence of 15 years in prison, to be followed by 10 years of postrelease supervision. Defendant appeals.
We affirm. Contrary to defendant's claim, we find that he validly waived the right to appeal. County Court advised defendant that an appeal waiver was a condition of the plea agreement, explained the separate and distinct nature of the waiver and enumerated certain appellate rights that survive the waiver (see People v Sanders, 25 NY3d 337, 341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Snyder, 235 AD3d 1072, 1072 [3d Dept 2025]). Additionally, defendant executed a written waiver that similarly delineated certain appellate rights that survive the waiver and confirmed on the record during the plea proceeding that he had discussed the waiver with counsel, understood its terms and did not have any questions with respect thereto (see People v Sanchez, 241 AD3d 1675, 1676 [3d Dept 2025], lv denied 44 NY3d 1029 [2025]; People v Moses, 236 AD3d 1201, 1201-1202 [3d Dept 2025]). "To the extent that the [written[*2]] waiver contained overbroad language, both the oral colloquy and the written waiver itself made clear that some appellate review survived" (People v Patterson, 233 AD3d 1204, 1205 [3d Dept 2024] [internal quotation marks and citation omitted]). In light of the foregoing, we find that defendant's waiver of the right to appeal was knowing, intelligent and voluntary (see People v Snyder, 235 AD3d at 1073; People v Patterson, 233 AD3d at 1205). Defendant's valid appeal waiver thus precludes his challenges to the denial of his suppression motion (see People v Thomas, 34 NY3d 545, 564-565 [2019]; People v Kemp, 94 NY2d 831, 833 [1999]; People v Gentry, 223 AD3d 1050, 1051 [3d Dept 2024], lv denied 41 NY3d 1002 [2024]), the severity of his sentence (see People v Lesson, 241 AD3d 1051, 1055 [3d Dept 2025], lv denied 44 NY3d 1028 [2025]; People v Rowe, 239 AD3d 1202, 1202 [3d Dept 2025], lv denied 44 NY3d 984 [2025]), as well as his pro se claim that he was denied his statutory right to a speedy trial (see People v Lewis, 234 AD3d at 1210; People v Wint, 222 AD3d 1050, 1051 [3d Dept 2023], lv denied 41 NY3d 945 [2024]).
As to the remaining issues raised in defendant's pro se supplemental brief, his challenge to the voluntariness of his plea is unpreserved for review as he failed to make an appropriate postallocution motion despite having ample time to do so prior to sentencing, and the narrow exception to the preservation requirement was not implicated (see People v Ryals, 224 AD3d 938, 938-939 [3d Dept 2024]; People v James, 215 AD3d 1176, 1177 [3d Dept 2023], lv denied 40 NY3d 935 [2023]). Defendant's related claim that his plea was rendered involuntary due to the ineffective assistance of counsel is similarly unpreserved (see People v Lewis, 234 AD3d 1209, 1210 [3d Dept 2025], lv denied 43 NY3d 1009 [2025]; People v Willetts, 234 AD3d 1020, 1020 [3d Dept 2025], lv denied 43 NY3d 966 [2025]; People v Hinds, 217 AD3d 1138, 1140 [3d Dept 2023], lv denied 40 NY3d 951 [2023]). And, nevertheless, "[t]o the extent that defendant's ineffective assistance of counsel claim[s] involve[ ] matters outside of the record, they are more properly addressed in the context of a CPL article 440 motion" (People v Fernandez, 234 AD3d 1207, 1208-1209 [3d Dept 2025], lv denied 43 NY3d 1008 [2025]; see People v Ulmer, 226 AD3d 1259, 1260 [3d Dept 2024], lv denied 42 NY3d 930 [2024]).FN1 Both defendant's contention that he was denied the right to appear before the grand jury (see People v Rubert, 206 AD3d 1378, 1380 [3d Dept 2022], lv denied 39 NY3d 942 [2022]; People v Nieves, 166 AD3d 1380, 1381 n [3d Dept 2018], lv denied 33 NY3d 979 [2019]) as well as his claim that the indictment was defective because of allegedly perjured testimony before the grand jury were forfeited by his guilty plea (see People v Monroe, 174 AD3d 649, 650 [2d Dept 2019], lv denied 34 NY3d 952 [2019]; People v Garcia, 172 AD2d 330, 330 [1st Dept 1991] lv denied 78 NY2d 922 [1991]; see also People v Hansen[*3], 95 NY2d 227, 232 [2000]). Finally, defendant concedes that his argument that the presentence report contains factual errors involves matters outside of the record and, therefore, is more appropriately addressed in the context of a CPL article 440 motion (see People v Walder, 186 AD3d 1272, 1272 [2d Dept 2020], lv denied 36 NY3d 1060 [2021]; see generally People v Hennessey, 111 AD3d 1166, 1168-1169 [3d Dept 2013]).
Clark, J.P., Fisher, Mackey and Corcoran, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1
Defendant contends that he attempted to provide certain off-the-record information to appellate counsel at the time counsel was retained for the purpose of filing a CPL 440.10 motion. However, according to defendant, these efforts were thwarted due to interference by the facility mailroom and a failure of the facility's telephone system, thus preventing the filing of the motion. We note, however, that such a motion may be made "[a]t any time after the entry of a judgment" (CPL 440.10 [1] [a]) and defendant has not demonstrated an inability to file a motion.